IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DN REYNOLDSBURG, | : | |
| | : | Case No. 2:18-cv-1190 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Jolson |
| SHOE SHOW, INC., | : | |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter comes before the Court on Defendant Shoe Show, Inc.'s June 19, 2019 appeal (ECF No. 30) of the Magistrate Judge's June 7, 2019 Opinion and Order granting Plaintiff DN Reynoldsburg's Motion for Leave to File First Amended Complaint (ECF No. 26). This Court hereby **REVERSES** the Opinion and Order and **DENIES** Plaintiff's Motion for Leave to File First Amended Complaint based on an independent consideration of the analysis therein. Defendant's Motion to Extend the Deadline for Defendant's Responsive Pleading to Plaintiff's Amended Complaint (ECF No. 32) is **MOOT**.

**I.    BACKGROUND**

Plaintiff rented retail space to Defendant pursuant to a lease contract ("the lease") in October 2015. (ECF No. 3 at ¶ 5). The lease required Defendant to make regular monthly rent payments of $10,833.33. *Id.* at ¶ 6. However, under Section 15.2 of the lease, paying this rent was only required if the "opening condition" was met. (ECF No. 30-5 at 2). The opening condition was for Sports Authority, TJ Maxx, and Maurices to be open in the mall within one year of Defendant's store opening. *Id.* Within this one-year window, Defendant would pay Plaintiff five percent of gross sales instead of rent until Sports Authority, TJ Maxx, and Maurices

1

opened. *Id.* If any one of those stores did not open in the shopping center within the one-year window, then Defendant could terminate the lease and leave. *Id.* Sports Authority did not open within the one-year window so Defendant did not pay the full rent during that time. (ECF No. 3 at ¶ 7).

Plaintiff filed suit in the Franklin County Court of Common Pleas on September 9, 2018, alleging that Defendant had breached the lease by not paying the full rent. (ECF No. 3). Defendant removed the matter to this Court on October 5, 2018. (ECF No. 1). This Court issued a scheduling order on November 9, 2018 setting the deadline for amendments to the Complaint on November 30, 2018. (ECF No. 11). The parties jointly moved to extend scheduling deadlines on March 1, 2019 (ECF No. 15) and the Court issued an order granting the motion on March 4, 2019 (ECF No. 16). The new deadlines generated in that order did not include a new deadline for leave to amend the complaint. (ECF No. 15). Plaintiff moved to amend its complaint on April 29, 2019, arguing that it was not aware that Defendant would be raising the opening condition defense until Defendants filed responses to interrogatories in March 2019 and that it wanted to assert a claim for declaratory judgment on the "unenforceable penalty" (as it called the opening condition). (ECF No. 18). In its response, Defendant argued that the defense came from the plain language of the contract and that Plaintiff should already have been aware of it and thus had not shown good cause for amending after the deadline to do so passed. (ECF No. 19). The Magistrate Judge granted Plaintiff's motion to file an amended complaint on June 7, 2019, agreeing with Plaintiff that it was unaware of the opening condition defense before it was mentioned in Defendant's responses to interrogatories. (ECF No. 26). Defendant appealed the Magistrate Judge's Order, arguing that counsel for Defendant had mentioned the opening condition defense to Plaintiff's counsel in a letter dated November 29, 2017. (ECF No. 30).

Plaintiff filed a Response on July 3, 2019, arguing that Defendant had not clearly established the opening condition as a defense prior to the start of the litigation. (ECF No. 35). The matter is ripe for review.

## II. STANDARD OF REVIEW

A district judge will reverse a magistrate judge's non-dispositive order if it is "clearly erroneous or is contrary to the law." FED. R. CIV. P. 72(a). In evaluating magistrate judges' decisions, district judges often exhibit substantial deference. *See Siegler v. City of Columbus*, No. 2:12-cv-472 2014 WL 1096159, *1 (S.D. Ohio Mar. 19, 2014) (quoting *In re Search Warrants Issued Aug. 29, 1994*, 889 F.Supp. 296, 298 (S.D. Ohio 1995)). The district judge may reverse the magistrate judge's decision as being clearly erroneous "only when the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Id.* (citing *Heights Cmty. Cong. v. Hilltop Realty Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)). On review, a district judge may consider evidence first presented after the magistrate judge has filed his or her decision. *Banner v. City of Flint*, 99 F. App'x 29, 35 (6th Cir. 2004).

## III. LAW AND ANALYSIS

Although Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings, when, as here, a motion to amend is brought after the deadline set within the court's scheduling order, a party must satisfy the standards of both Rule 15(a) and 16(b)(4). *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016) (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)). "Once the scheduling order's deadline to amend the complaint passes, . . . a plaintiff *first* must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a)." *Commerce Benefits*

*Grp. Inc. v. McKesson Corp*, 326 F. App'x 369, 376 (6th Cir. 2009) (internal quotation marks and citation omitted) (emphasis added); *cf. Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*, Nos. 10-6102 & 11-5174, 2012 WL 4945607, at *17 (6th Cir. Oct. 18, 2012) ("Rule 15 is augmented by Rule 16, which states that the generally wide latitude to amend may be restricted by the court's other scheduling orders.").

Under Rule 16(b)(4), the Court will modify a case scheduling "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The party seeking modification of the case schedule has the "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order . . . ." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008). In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce*, 326 F. App'x at 377 (internal quotation marks and citation omitted); *see also Leary*, 349 F.3d at 906 (quoting 1983 advisory committee notes to Fed. R. Civ. P. 16) ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"). Finally, the Court must also consider "potential prejudice to the nonmovant . . . ." *Leary*, 349 F.3d at 909. Even if an amendment would not prejudice the nonmoving party, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline. *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010); *see also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

If the proponent of a belated amendment demonstrates good cause under Rule 16(b)(4), a court will then evaluate the proposed amendment under Rule 15(a). *Commerce*, 326 F. App'x at

376. Pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her pleadings "when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted). As the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). In determining prejudice, the Court examines "whether the assertion of the new claim would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McLellan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

The Magistrate Judge erred by concluding that Plaintiff could not have reasonably anticipated Defendant's invoking the opening condition as a defense because Plaintiffs had been informed of Defendant's intent to use the opening condition as a defense as early as November 2017. Before the magistrate, Plaintiff argued that there was good cause to amend the complaint even though the deadline to amend had long passed because it had only learned of Defendant's intent to use the opening condition defense for the first time in the March 22, 2019 interrogatories. (ECF No. 21 at 1-2). The Magistrate Judge accepted this argument, finding that the defense was sufficiently sophisticated that Plaintiff could not have anticipated it based on a reading of the lease alone. (ECF No. 26 at 5).

On appeal, however, Defendant presents a copy of a letter from Defendant's general counsel to Plaintiff's counsel dated November 29, 2017 that states Defendant will not be paying

5

full rent because Plaintiff failed to open Sports Authority as called for in in Section 15.2 of the contract. (ECF No. 30-5). Defendant did not include this letter in any of its pleadings prior to the appeal and, thus, the Magistrate Judge did not have access to it when making her decision. This letter disproves Plaintiff's assertion that it was unaware of the opening condition defense until it was brought forward for the first time in Defendant's responses to interrogatories.

This Court is entitled to exercise its discretion to consider the newly submitted letter where there is good cause for revisiting a matter. *Banner v. City of Flint*, 99 F. App'x 29, 35 (6th Cir. 2004) (finding that a district court is not forbidden from taking new evidence in non-dispositive matters after a decision has been given by a magistrate judge and that this power arises from the inherent power of the court); *Brown v. Tellermate Holdings Ltd.*, No. 2:11-CV-1122, 2015 WL 12991208, at *2 (S.D. Ohio July 8, 2015) (determining that when reviewing both dispositive and non-dispositive matters, courts have the discretion to consider new evidence when reviewing objections to a magistrate judge's decision, but declining to exercise this discretion). Good cause exists to revisit this matter because Plaintiff has misrepresented its knowledge of the time when it first learned of Defendant's intent to bring this defense. It is clear from the November 2017 letter that Plaintiff was given notice of Defendant's intent to assert this defense as early as November 29, 2017. (ECF No 30-5).

Plaintiff made no other arguments to show good cause for not filing within the deadline and therefore must be denied leave to file an amended complaint. Because the Court has found that good cause has not been established as a threshold matter, it need not discuss the issue of prejudice.

## IV. CONCLUSION

For the reasons discussed above, the Court **REVERSES** the Magistrate Judge's decision and **DENIES** Plaintiff's Motion to File a First Amended Complaint.

**IT IS SO ORDERED.**

    <u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 6, 2019**